UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

MONTANO N.,

          Plaintiff,

  v.

COMMISSIONER OF SOCIAL SECURITY,

          Defendant.

Case No. C19-1798-MLP

ORDER

## I. INTRODUCTION

Plaintiff seeks review of the denial of his applications for Supplemental Security Income and Disability Insurance Benefits. Plaintiff contends the administrative law judge ("ALJ") erred in assessing the medical evidence. (Dkt. # 10 at 1.) As discussed below, the Court AFFIRMS the Commissioner's final decision and DISMISSES the case with prejudice.

## II. BACKGROUND

Plaintiff was born in 1974, has a high school diploma or GED, and has worked as a stocker, restaurant cook and dishwasher, and pest exterminator. AR at 110, 396-406, 409. Plaintiff was last gainfully employed in July 2008. *Id.* at 408.

In April 2016, Plaintiff applied for benefits, alleging disability as of May 31, 2008.[1] AR at 358-79. Plaintiff's applications were denied initially and on reconsideration, and Plaintiff requested a hearing. *Id.* at 251-66, 269-84. After the ALJ conducted hearings in February, May, and September 2018 (*id*. at 78-143), the ALJ issued a decision finding Plaintiff not disabled. *Id.* at 15-30. As the Appeals Council denied Plaintiff's request for review, the ALJ's decision is the Commissioner's final decision. *Id*. at 1-6. Plaintiff appealed the final decision of the Commissioner to this Court. (Dkt. # 4.)

## III. LEGAL STANDARDS

Under 42 U.S.C. § 405(g), this Court may set aside the Commissioner's denial of social security benefits when the ALJ's findings are based on legal error or not supported by substantial evidence in the record as a whole. *Bayliss v. Barnhart*, 427 F.3d 1211, 1214 (9th Cir. 2005). As a general principle, an ALJ's error may be deemed harmless where it is "inconsequential to the ultimate nondisability determination." *Molina v. Astrue*, 674 F.3d 1104, 1115 (9th Cir. 2012) (cited sources omitted). The Court looks to "the record as a whole to determine whether the error alters the outcome of the case." *Id*.

"Substantial evidence" is more than a scintilla, less than a preponderance, and is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. *Richardson v. Perales*, 402 U.S. 389, 401 (1971); *Magallanes v. Bowen*, 881 F.2d 747, 750 (9th Cir. 1989). The ALJ is responsible for determining credibility, resolving conflicts in medical testimony, and resolving any other ambiguities that might exist. *Andrews v. Shalala*, 53 F.3d 1035, 1039 (9th Cir. 1995). While the Court is required to examine the record as a whole, it may neither reweigh the evidence nor substitute its judgment for that of the Commissioner. *Thomas v.*

---

[1] Plaintiff subsequently amended his alleged onset date to October 1, 2013. AR at 104.

ORDER - 2

*Barnhart*, 278 F.3d 947, 954 (9th Cir. 2002). When the evidence is susceptible to more than one rational interpretation, it is the Commissioner's conclusion that must be upheld. *Id.*

## IV. DISCUSSION

Plaintiff challenges the ALJ's assessment of various parts of the medical record, each of which the Court will address in turn.

### A. Legal Standards

Where not contradicted by another doctor, a treating or examining doctor's opinion may be rejected only for "clear and convincing" reasons. *Lester v. Chater*, 81 F.3d 821, 830 (9th Cir. 1996) (quoting *Baxter v. Sullivan*, 923 F.2d 1391, 1396 (9th Cir. 1991)). Where contradicted, a treating or examining doctor's opinion may not be rejected without "'specific and legitimate reasons' supported by substantial evidence in the record for so doing." *Lester*, 81 F.3d at 830-31 (quoting *Murray v. Heckler*, 722 F.2d 499, 502 (9th Cir. 1983)). The ALJ may reject doctors' opinions "by setting out a detailed and thorough summary of the facts and conflicting clinical evidence, stating his interpretation thereof, and making findings." *Reddick v. Chater*, 157 F.3d 715, 725 (9th Cir. 1998) (citing *Magallanes*, 881 F.2d at 751). Rather than merely stating her conclusions, the ALJ "must set forth [her] own interpretations and explain why they, rather than the doctors', are correct." *Id*. (citing *Embrey v. Bowen*, 849 F.2d 418, 421-22 (9th Cir. 1988)).

### B. David Widlan, Ph.D.

Dr. Widlan examined Plaintiff twice, in 2016 and 2018. AR at 733-42, 1300-08. In both opinions, Dr. Widlan indicated that Plaintiff had several marked and severe limitations in his ability to perform basic cognitive and social workplace functions. *Id*. The ALJ summarized Dr. Widlan's opinions and explained that she discounted Dr. Widlan's conclusions because he did not review the treatment record when rendering his opinions, and because that record

contradicted Dr. Widlan's conclusions. *Id.* at 26. Specifically, the ALJ cited evidence of Plaintiff's mental status examinations showing many normal findings, his reports of improvement with medication and therapy, and his explicit denial of certain symptoms such as hallucinations, paranoia, delusions, and suicidal/homicidal ideation, which Dr. Widlan mentioned in his opinions. *Id.*

Plaintiff argues that the ALJ erred in discounting Dr. Widlan's opinions based on his lack of access to the treatment record, because Dr. Widlan performed his own testing and did not state that his opinions were compromised by his unfamiliarity with the record. (Dkt. # 10 at 6-7.) Plaintiff also contends that the ALJ failed to acknowledge that parts of the treatment record do support Dr. Widlan's opinions, such as his reports of problems sleeping, his social isolation, his feelings of depression and anxiety, along with the opinions of non-acceptable medical sources describing significant functional limitations. (Dkt. # 10 at 7-8.)

Plaintiff has not shown that the ALJ erred in considering Dr. Widlan's lack of familiarity with the treatment record when weighing Dr. Widlan's opinions. *See* 20 C.F.R. §§ 404.1527(c)(6), 416.927(c)(6) (explaining that "the extent to which a medical source is familiar with the other information in your case record" is a relevant factor that will be considered in weighing a medical opinion). Furthermore, the ALJ identified specific ways in which Dr. Widlan's opinions were contradicted by the treatment record. AR at 26. Plaintiff has pointed to other parts of the record that arguably corroborate Dr. Widlan's opinions or other psychological opinions (dkt. # 10 at 7-10), but Plaintiff has not shown that the ALJ ignored that evidence. Indeed, the ALJ's summary of the medical record acknowledges Plaintiff's reports of various symptoms (AR at 23), and also discusses and weighs the opinions of non-acceptable medical sources cited by Plaintiff (*id.* at 25-26). Plaintiff does not establish error in the ALJ's decision by pointing to evidence that could

ORDER - 4

reasonably support an opposite conclusion, both because such an argument does not show that the ALJ's interpretation is unreasonable and also because the Court must review the ALJ's stated reasoning for the support of substantial evidence. *See Morgan v. Comm'r of Social Sec. Admin.*, 169 F.3d 595, 599 (9th Cir. 1999) ("Where the evidence is susceptible to more than one rational interpretation, it is the ALJ's conclusion that must be upheld."); *Jamerson v. Chater*, 112 F.3d 1064, 1067 (9th Cir. 1997) ("[T]he key question is not whether there is substantial evidence that could support a finding of disability, but whether there is substantial evidence to support the Commissioner's actual finding that claimant is not disabled."). Because Plaintiff has not shown that the ALJ's reasons for discounting Dr. Widlan's opinions are not legally sufficient, he has not shown error in the ALJ's assessment of those opinions.

To the extent that Plaintiff also folds into his discussion of Dr. Widlan's opinions an argument that the ALJ erred in discounting the opinions of non-acceptable medical sources Karen Yamashita-Uraine, M.A., and Beth Donelan, P.A., Plaintiff has failed to show that the ALJ's reasons for discounting these opinions were not germane, as required in the Ninth Circuit. *See Dodrill v. Shalala*, 12 F.3d 915, 919 (9th Cir. 1993) ("If the ALJ wishes to discount the testimony of the lay witnesses, he must give reasons that are germane to each witness."). The ALJ summarized the opinions of these providers (AR at 1277-83) and found their conclusions to be inconsistent with Plaintiff's activities, namely his abilities to care for his three children as a single father, manage his own care, perform household chores, shop in stores, and drive. *Id*. at 25-26. Indeed, such activities are reasonably inconsistent with the limitations described by Ms. Yamashita-Uraine and Ms. Donelan, such as a complete inability to sustain an ordinary routine without special supervision or ask questions or request assistance. *See id*. at 1277-78, 1281-82. Although Plaintiff again posits that he could have completed those activities in a manner

consistent with the opinions of Ms. Yamashita-Uraine and Ms. Donelan (dkt. # 10 at 9), he has not shown that the ALJ's interpretation was unreasonable. Thus, the Court finds that the ALJ's reason to discount these opinions is germane. *See Carmickle*, 533 F.3d at 1164 (holding that inconsistency with a claimant's activities is a germane reason to discount a lay witness's statement).

Plaintiff offers his own interpretation of the evidence to contend that the opinions of Ms. Yamashita-Uraine and Ms. Donelan should have been afforded more weight (dkt. # 10 at 7-10), but has not shown error in the ALJ's stated reasoning. Accordingly, Plaintiff has failed to establish error in the ALJ's assessment of those opinions.

### C. Azar Sadeghalvad, M.D.

Plaintiff's treating physician, Dr. Sadeghalvad, completed a DSHS form opinion in May 2016 describing Plaintiff's symptoms and limitations, and indicating that Plaintiff was unable to perform even sedentary work. AR at 855-57. The ALJ explained that she gave limited weight to this opinion because it was inconsistent with physical examinations showing normal motor and sensory testing, no active synovitis, normal gait, and negative straight leg raising. *Id*. at 24. The ALJ also found Dr. Sadeghalvad's opinion to be inconsistent with imaging results showing at most mild to moderate findings. *Id*. Lastly, the ALJ cited evidence of Plaintiff's improvement with conservative treatment, to the point where recent records indicated that Plaintiff had "no current active symptoms of reactive arthritis." *Id*.

Plaintiff raises several challenges to the ALJ's assessment of Dr. Sadeghalvad's opinion. First, Plaintiff contends that the ALJ erred in failing to account for Plaintiff's limitations due to pain. (Dkt. # 10 at 11 n.3 (citing AR at 964-65).) But such limitations are based on Plaintiff's subjective reporting (AR at 964-65), which the ALJ discounted (*id*. at 22-23) and Plaintiff has

not challenged that finding. Plaintiff does not show error in the ALJ's decision by pointing to discounted reports, without showing that the ALJ erred in discounting those reports.

Next, Plaintiff argues that the ALJ erred in failing to address his pain syndrome diagnosis. (Dkt. # 10 at 11.) But Dr. Sadeghalvad did not list pain syndrome in the opinion at question: he did list chronic pain but did not identify any activities that were impacted by Plaintiff's chronic pain. AR at 856. Some of the treatment notes describe Plaintiff's pain as well controlled by medication and suggest that the medication allowed Plaintiff to complete his daily activities. *See, e.g., id*. at 847, 854, 880, 1188. To the extent that Plaintiff points to various objective findings related to pain syndrome, lumbar disc disease, arthritis, and Reiter's syndrome (dkt. # 10 at 12-13), none of those findings shows that Plaintiff was more functionally limited than found by the ALJ, and thus does not establish error in the ALJ's decision.

### D. State Agency Opinions

Plaintiff argues that the ALJ erred in failing to address the 2016 State agency opinions evaluating Plaintiff's mental impairments. (Dkt. # 10 at 13 (citing AR at 189-91, 244-46).) Plaintiff also argues that the ALJ erred in crediting the State agency opinions regarding Plaintiff's physical impairments because the State agency consultants did not have access to the entire medical record when rendering their opinions.

Plaintiff has not shown that the ALJ ignored the 2016 State agency psychological opinions. On the contrary, the ALJ summarized the conclusions found in those opinions, and cited evidence from the record as a whole that was consistent with those conclusions. AR at 25. In light of that explicit discussion, the Court does not find that the ALJ ignored the State agency psychological opinions.

The Court also finds Plaintiff's argument regarding the State agency physical opinions to be unpersuasive, because the ALJ explicitly considered the opinions in the context of the entire record, which addresses Plaintiff's concern regarding the timing of the opinions vis-à-vis the entire record. AR at 23-24. Specifically, Plaintiff argues that the ALJ erred in crediting opinions that were written before many relevant records were generated (dkt. # 10 at 14), but the ALJ considered the record as a whole and cited evidence from the entire period as support for the State agency's conclusions. *See* AR at 23-24. Accordingly, Plaintiff has not established error in the ALJ's assessment of the State agency opinions. *See Andrews v. Shalala*, 53 F.3d 1035, 1041 (9th Cir. 1995) (holding that "the report of a nonexamining, nontreating physician need not be discounted when it 'is not contradicted by *all other evidence* in the record'" (quoting *Magallanes*, 881 F.2d at 752 (emphasis in original))).

## V. CONCLUSION

For the foregoing reasons, the Commissioner's final decision is **AFFIRMED** and this case is **DISMISSED** with prejudice.

Dated this 7th day of April, 2020.

MICHELLE L. PETERSON
United States Magistrate Judge